UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CODY COMPTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:23-CV-00025-JRG-CRW |
| JEFF CASSIDY, CHIEF CARSWELL, CAPTAIN DILLARD, and OFFICER JOHNSON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [*id.*] and **DISMISS** this action without prejudice.

I.  **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* and its attachment [Doc. 4; Doc. 4-1] that he cannot pay the filing fee. Accordingly, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's

preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983.

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

**B.  Analysis**

Plaintiff's complaint arises out of incidents that occurred on March 2, 2023 [Doc. 1 at 3–5]. Plaintiff states in his complaint that he filed an electronic grievance regarding these incidents but had not received a response to that grievance as of March 3, 2023, which is the date on which he filed his complaint [*Id.* at 2, 6].

However, the PLRA specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88. To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

3

While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty., Kentucky*, No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215, and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).

It is apparent from the face of Plaintiff's complaint that the Sullivan County Detention Center has a grievance process. It is also apparent that, while Plaintiff filed a grievance pursuant to that process prior to filing this action, he did not receive a response to that grievance or allow jail officials reasonable time to address that grievance prior to filing this action but instead filed his complaint the day after the incidents of which he complains. As such, this action is subject to dismissal due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this action. *Id.*; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced"); *Johnson v. Burt*, No. 21-2878, 2023 WL 2125744, at *2 (6th Cir. Feb. 15, 2023) ("Exhaustion may not be completed after filing a complaint.") (citations omitted).

### III. CONCLUSION

For the reasons set forth above:

4

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE